**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARC WATERMAN,                               )
                                             )
                  Plaintiff,                 )
                                             )   Case No. _____
           v.                                )
                                             )   JURY TRIAL DEMANDED
MSG NETWORKS INC., JAMES L.                  )
DOLAN, CHARLES F. DOLAN, AIDAN J.            )
DOLAN, KRISTIN A. DOLAN, PAUL J.             )
DOLAN, THOMAS C. DOLAN, WILLIAM              )
J. BELL, JOSPEH M. COHEN, JOSEPH J.          )
LHOTA, JOEL M. LITVIN, STEPHEN               )
MILLS, HANK J. RATNER, BRIAN G.              )
SWEENEY, JOHN L. SYKES, MADISON              )
SQUARE GARDEN ENTERTAINMENT                  )
CORP., and BROADWAY SUB INC.,                )
                                             )
                  Defendants.                )

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon

personal knowledge with respect to himself, and upon information and belief based upon, *inter*

*alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on March 26, 2021 (the

"Proposed Transaction"), pursuant to which MSG Networks Inc. ("MSG Networks" or the

"Company") will be acquired by Madison Square Garden Entertainment Corp. ("Parent") and

Broadway Sub Inc. ("Merger Sub," and together with Parent, "MSG Entertainment").

2.      On March 25, 2021, MSG Networks' Board of Directors (the "Board" or

"Individual Defendants") caused the Company to enter into an agreement and plan of merger (the

"Merger Agreement") with MSG Entertainment.  Pursuant to the terms of the Merger Agreement,

shareholders of MSG Networks will receive 0.172 shares of Parent common stock for each share of MSG Networks common stock they own.

3.       On May 7, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.       The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.       This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.       Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.       Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of MSG Networks common stock.

9.      Defendant MSG Networks is a Delaware corporation and maintains its principal executive offices at 11 Pennsylvania Plaza, New York, New York 10001.  MSG Networks' common stock is traded New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "MSGN."

10.      Defendant James L. Dolan ("J. Dolan") is Chairman of the Board of the Company. J. Dolan also serves as Executive Chairman and Chief Executive Officer of Parent.

11.      Defendant Charles F. Dolan ("C. Dolan") is a director of the Company.  C. Dolan also serves as a director of Parent.

12.      Defendant Aidan J. Dolan is a director of the Company.

13.      Defendant Kristin A. Dolan ("K. Dolan") is a director of the Company.  K. Dolan also serves as a director of Parent.

14.      Defendant Paul J. Dolan ("P. Dolan") is a director of the Company.  P. Dolan also serves as a director of Parent.

15.      Defendant Thomas C. Dolan ("T. Dolan") is a director of the Company.  T. Dolan also serves as a director of Parent.

16.      Defendant William J. Bell is a director of the Company.

17.      Defendant Joseph M. Cohen is a director of the Company.

18.      Defendant Joseph J. Lhota ("Lhota") is a director of the Company.  Lhota also serves as a director of Parent.

19.      Defendant Joel M. Litvin is a director of the Company.

20.      Defendant Stephen Mills is a director of the Company.

21.      Defendant Hank J. Ratner is a director of the Company.

22.     Defendant Brian G. Sweeney ("Sweeney") is a director of the Company.  Sweeney also serves as a director of Parent.

23.     Defendant John L. Sykes ("Sykes") is a director of the Company.  Sykes also serves as a director of Parent.

24.     The defendants identified in paragraphs 10 through 23 are collectively referred to herein as the "Individual Defendants."

25.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

26.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

27.     MSG Networks owns and operates two award-winning regional sports and entertainment networks and a companion streaming service that serve the nation's number one media market, the New York DMA, as well as other portions of New York, New Jersey, Connecticut, and Pennsylvania.

28.     The Company's networks feature a wide range of sports content, including exclusive live local games and other programming of the New York Knicks, New York Rangers, New York Islanders, New Jersey Devils, and Buffalo Sabres, as well as significant coverage of the New York Giants and Buffalo Bills.

29.     On March 25, 2021, MSG Networks' Board caused the Company to enter into the Merger Agreement.

30.     Pursuant to the terms of the Merger Agreement, shareholders of MSG Networks will receive 0.172 shares of Parent common stock for each share of MSG Networks common stock

they own.

31.   According to the press release announcing the Proposed Transaction:

Madison Square Garden Entertainment Corp. ("MSG Entertainment") (NYSE: MSGE) and MSG Networks Inc. ("MSG Networks") (NYSE: MSGN) today announced they have reached a definitive agreement for MSG Entertainment to acquire MSG Networks in an all-stock, fixed exchange ratio transaction.

The merger is expected to be tax-free for both MSG Entertainment and MSG Networks and their stockholders. Upon the closing of the transaction, MSG Networks stockholders would receive 0.172 shares of MSG Entertainment Class A or Class B common stock for each share of MSG Networks Class A or Class B common stock they own. The exchange ratio is approximately 4% above the ratio of the unaffected closing stock prices of the two companies on March 10, 2021, the last trading day before a press report speculated on a potential transaction. . . .

The definitive agreement was exclusively negotiated and unanimously approved by Special Committees of MSG Entertainment's and MSG Networks' boards, both of which are comprised entirely of independent directors. The agreement was also unanimously approved by the Boards of Directors of both MSG Entertainment and MSG Networks.

The transaction is subject to approval by a majority of the combined voting power of the outstanding shares of MSG Networks Class A common stock and Class B common stock. MSG Entertainment's issuance of its common stock in the transaction is subject to approval by a majority of the combined voting power of the votes cast by the holders of shares of MSG Entertainment Class A common stock and Class B common stock and, separately, the issuance of MSG Entertainment Class B shares must be approved by the holders of not less than 66 2/3% of the voting power of the outstanding shares of MSG Entertainment Class B common stock. The Special Committee of the Board of Directors of MSG Networks, and the full board, based on the recommendation of the MSG Networks Special Committee, have each recommended that MSG Networks stockholders adopt the merger agreement. The Special Committee of the Board of Directors of MSG Entertainment, and the full Board, based on the recommendation of the MSG Entertainment Special Committee, have each recommended that MSG Entertainment stockholders approve the issuance of MSG Entertainment common stock required for the transaction.

The holders of all of the outstanding shares of MSG Networks Class B common stock and MSG Entertainment Class B common stock, who have sufficient votes to approve the transaction, have entered into voting agreements pursuant to which they have agreed to vote all of the MSG Networks Class B common stock and MSG Entertainment Class B common stock in favor of the adoption of the merger

agreement and the issuance of MSG Entertainment common stock required for the transaction, respectively.

The transaction, which is also subject to customary closing conditions, is expected to be completed during the third quarter of calendar 2021. Upon the closing of the transaction, a current director of MSG Networks elected by the holders of its Class A common stock would be appointed as a director of MSG Entertainment.

Moelis & Company LLC and The Raine Group are serving as independent financial advisors and Wachtell, Lipton, Rosen & Katz is serving as independent legal counsel to the Special Committee of the Board of Directors of MSG Entertainment. LionTree Advisors LLC and Morgan Stanley & Co. LLC are serving as independent financial advisors and Davis Polk & Wardwell LLP is serving as independent legal counsel to the Special Committee of the Board of Directors of MSG Networks. Debevoise & Plimpton LLP is serving as legal counsel to the Dolan family.

### *The Registration Statement Omits Material Information*

32.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

33.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

34.     First, the Registration Statement omits material information regarding the Company's and MSG Entertainment's financial projections.

35.     Specifically, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted operating income (loss), free cash flow for MSG Entertainment, and free cash flow from operations for MSG Networks; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

36.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

37. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, LionTree Advisors LLC ("LionTree") and Morgan Stanley & Co. LLC ("Morgan Stanley," and together with LionTree, the "Financial Advisors").

38. With respect to the Financial Advisors' Selected Publicly Traded Companies Analysis for the Company, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

39. With respect to the Financial Advisors' Discounted Cash Flow Analysis for the Company, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values of the Company; (iii) the individual inputs and assumptions underlying the discount rates used in the analysis; and (iv) the Financial Advisors' basis for applying the terminal multiples used in the analysis.

40. With respect to the Financial Advisors' Selected Publicly Traded Companies Analysis for MSG Entertainment, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

41. With respect to the Financial Advisors' Discounted Cash Flow Analysis for MSG Entertainment, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values of MSG Entertainment; (iii) the individual inputs and assumptions underlying the discount rates used in the analysis; and (iv) the Financial Advisors' basis for applying the terminal multiples used in the analysis.

42. With respect to the research analysts' price targets analyses, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

43.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

44.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

45.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

### COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and MSG Networks**

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  MSG Networks is liable as the issuer of these statements.

48.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

49.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

50.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote

on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

51.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

52.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and MSG Entertainment

54.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55.     The Individual Defendants and MSG Entertainment acted as controlling persons of MSG Networks within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of MSG Networks and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56.     Each of the Individual Defendants and MSG Entertainment was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading

prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

58.     MSG Entertainment also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

59.     By virtue of the foregoing, the Individual Defendants and MSG Entertainment violated Section 20(a) of the 1934 Act.

60.     As set forth above, the Individual Defendants and MSG Entertainment had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 30, 2021                    **RIGRODSKY LAW, P.A.**

By:  */s/ Gina M. Serra*
    Seth D. Rigrodsky
    Timothy J. MacFall
    Gina M. Serra
    Vincent A. Licata
    825 East Gate Boulevard, Suite 300
    Garden City, NY 11530
    Telephone: (516) 683-3516
    Email: sdr@rl-legal.com
    Email: tjm@rl-legal.com
    Email: gms@rl-legal.com
    Email: vl@rl-legal.com

    *Attorneys for Plaintiff*